**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-4616

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCEL ROMAINS WALLACE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, Chief District Judge.  (5:15-cr-00355-D-1)

Submitted:  May 5, 2017                                        Decided:  May 26, 2017

Before NIEMEYER, SHEDD, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marcel Romains Wallace appeals his 42-month concurrent sentences imposed following his guilty plea to possession of stolen mail and bank fraud, in violation of 18 U.S.C. §§ 1344, 1708 (2012). On appeal, Wallace argues that his sentence above the applicable Sentencing Guidelines range is substantively unreasonable.

We "review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Because Wallace "does not claim that the district court committed any procedural error," our review "is limited only to substantive reasonableness." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014). "When reviewing the substantive reasonableness of a sentence, we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a) [(2012)]." *United States v. Gomez-Jimenez*, 750 F.3d 370, 383 (4th Cir. 2014) (brackets and internal quotation marks omitted).

"When reviewing a departure, we consider whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *Howard*, 773 F.3d at 529. "A major departure from the advisory range should be supported by a more significant justification than a minor one." *United States v. Morace*, 594 F.3d 340, 346 (4th Cir. 2010) (internal quotation marks omitted). We give deference to the sentencing court's decision because that court "has flexibility in fashioning a sentence outside of the

2

Guidelines range," and need only "set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for" its decision. *United States v. Diosdado-Star*, 630 F.3d 359, 364 (4th Cir. 2011) (brackets omitted).

Wallace limits his argument on appeal to challenging the extent of the district court's upward departure. We conclude that the district court did not abuse its discretion. The district court expressly relied on U.S. Sentencing Guidelines Manual § 4A1.3(a)(1), p.s. (2015). In arriving at the sentence, the court explained that Wallace's lengthy criminal history was underrepresented by the Guidelines computation, that his decade-long history of committing the same type of crime indicated a high probability of recidivism, that his prior sentences proved insufficient to deter him from the instant criminal conduct, and that Wallace's incarceration would protect the public. The district court acknowledged, but was unpersuaded by, Wallace's arguments against the upward departure. We conclude the district court's reasoning sufficiently supports the extent of its departure.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*